UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL PRINCE HODGES,           )
       Plaintiff,                              )
                                                    )
v.                                                     )    Civil Action No. 3:24cv238 (RCY)
                                                    )
KIARA SCHIRRAE HARRIS,             )
       Defendant.                           )
                                                    )

**MEMORANDUM OPINION**

In its Order to Show Cause entered on April 24, 2024, the Court granted *pro se* Plaintiff Michael Prince Hodges's application to proceed in forma pauperis ("IFP Application") but directed Plaintiff to file an Amended Complaint curing the deficiencies noted in the Order to Show Cause. Order, ECF No. 2. Plaintiff was warned that failure to comply with the terms of the Order to Show Cause could result in dismissal of the action. *Id*. On May 1, 2024, Plaintiff filed an Amended Complaint, ECF No. 4, which became the operative Complaint in this action, per the Court's Order to Show Cause. However, the newly filed Complaint fails to cure the deficiencies noted in the Order to Show Cause or otherwise abide by the terms of the Order and once again fails to state any cognizable claim.

**I.   SUMMARY OF ALLEGATIONS**

Plaintiff seeks damages based on trademark infringement, copyright infringement, identity theft and fraud.[1] Am. Compl. 1, ECF No. 5. Plaintiff's identity theft and fraud claims stem from the Defendant's pursuit of child support and possibly other benefits from the Virginia Department of Social Services, whereas his trademark and copyright infringement claims stem from the

---

[1] Previously, Plaintiff attempted to state claims for trademark infringement, copyright infringement, defamation of character, libel, and slander. *See* Compl. 1, ECF No. 3.

Defendant's "unauthorized" use of Plaintiff's and his son's names, which the Plaintiff claims to have trademarked and copyrighted. *Id*. at 1–2, ¶¶ 2–4; *see also* Am. Compl. Ex. 1, ECF No. 4-1.

## II. ANALYSIS

The Court begins with Plaintiff's identity theft and fraud claims. Plaintiff takes issue with the Defendant's inclusion of his name in various Virginia Department of Social Services child support filings and/or petitions for benefits. Am. Compl. 1–2, ¶¶ 2, 4; Am. Compl. Ex. 1 at 8–14 (Virginia Division of Child Support correspondence and forms); Am. Compl. Ex. 4, ECF No. 4-4 (credit report showing child support balance owed). Such use—i.e., listing Plaintiff as a parent from whom Defendant seeks financial assistance—does not constitute either identity theft or fraud. Instead, Plaintiff is in fact asking this Court to intervene in state child support determinations, which it is unable to do. The well-established Rooker-Feldman doctrine prohibits federal district courts from hearing cases where: (1) "in order to grant the federal plaintiff the relief sought, the federal court must . . . take action that would render the [state court] judgment ineffectual"; (2) where the allegations in the plaintiff's state pleadings "clearly implicate" the substance of the federal complaint; or (3) where the federal claims are "but an expansion" of the plaintiff's assertions in the state proceedings. *Hurdle v. Va. Dep't of Envtl. Quality*, 227 F. Supp. 2d 549, 556–58 (E.D. Va. 2002), *aff'd sub nom. Hurdle v. Virginia*, 53 F. App'x 256 (4th Cir. 2002); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Here, instead of appealing the state child support determinations and/or challenging those proceedings in state court, as is proper, Plaintiff asks this Court to insert itself into state proceedings and inhibit their progress by finding identity theft and fraud. Even assuming Plaintiff had alleged facts to support either claim—which he has not—Rooker-Feldman requires the Court to abstain from intervening, for lack of subject matter jurisdiction. *See Moore v. Va. Dep't of Soc. Servs.*, 2016 U.S. Dist. LEXIS 23522, at *6–13 (E.D. Va. Feb. 25, 2016). Accordingly, Plaintiff

has failed to state a cognizable claim as to identity theft or fraud, over which the Court has jurisdiction.

Next, the Court turns to Plaintiff's copyright infringement claim. Plaintiff asserts that he "own[s] the right to use the name[s] Makeibe Lamar Harris Hodges and Michael Prince Hodges." Am. Compl. Ex. 1 at 7 (Affidavit). He asserts that he is the "author" of such names and holds copyrights to that effect. *See id*. at 4 (Dec. 17, 2022 Letter to Kiara Schirrae Harris). Such claims run afoul of federal copyright law, which clearly states that copyright protection is not available for a person's name. 37 C.F.R. § 202.1(a) (2013) ("Material not subject to copyright. . . . (a) Words and short phrases such as names . . . ."); *Miles v. United States*, 2014 U.S. Claims LEXIS 1067, at *10 n.7 (Fed. Cl. Oct. 6, 2014) ("Copyright protection for a person's name is not available in any case."). For that reason, the Court finds that Plaintiff has not alleged facts that establish he owned a *valid* copyright, and thus he has not stated a claim for copyright infringement.

Finally, the Court finds that Plaintiff's and his son's names, despite having received mark recognition from the Virginia State Corporation Commission, *see* Am. Compl. Ex 4 at 6–7, ECF No. 4-4, are not protected trademarks qualified for infringement-enforcement. "Personal names used as trademarks are generally regarded as descriptive terms, not arbitrary or fanciful terms; they are thus protected *only if*, through usage, they have acquired distinctiveness and secondary meaning." *Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 104 (2d Cir. 1985) (emphasis added) (citing 3A R. Callmann, *The Law of Unfair Competition, Trademarks and Monopolies* § 21.36, at 145–46 (L. Altman 4th ed. 1984) ("An individual name is rather similar to a descriptive word, in the sense that it might properly be regarded as a convenient description of the fact that the named individual is or was affiliated with the firm."); 1 J. McCarthy, *Trademarks and Unfair Competition* § 13.2, at 578). "A 'guiding principle,' established by the Supreme Court in trademark cases involving the use of surnames, is that 'once an individual's name has acquired a secondary

meaning in the marketplace, a later competitor who seeks to use the same or similar name must take reasonable precautions to prevent the mistake.'" *Id.* (quoting *Taylor Wine Co. v. Bully Hill Vineyards, Inc.*, 569 F.2d 731, 734 (2d Cir. 1978)). Plaintiff has not alleged facts to suggest that his name has acquired any distinctiveness or secondary meaning in any marketplace. Nor has Plaintiff alleged any of the other elements necessary to state a claim for trademark infringement under the Lanham Act, as set forth in the Court's prior Show Cause Order. He still has not alleged that Defendant used either purported mark "in commerce," let alone that the names were used "in connection with the sale, offering for sale, or advertising" of goods or services or that the Defendant's use "is likely to confuse customers." *Rosetta Stone Ltd. v. Google*, 676 F.3d 144, 152 (4th Cir. 2012) (quoting 15 U.S.C. § 1114(a)). Plaintiff has therefore once again failed to state a claim for trademark infringement.

### III. CONCLUSION

Plaintiff's failure once again to plead a viable cause of action warrants dismissal of the action. Accordingly, the action will be dismissed without prejudice.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: May 6, 2024
Richmond, Virginia